UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

RJ SCHINNER COMPANY,

        Plaintiff,

        v.                                     Case No. 07-C-0077

GEORGIA PACIFIC CORPORATION/
DIXIE FOOD SERVICE,

        Defendant.

---

**ORDER GRANTING PLAINTIFF RJ SCHINNER'S MOTION TO REMAND**

This case was instituted on January 17, 2007, in Waukesha County Circuit Court. Then, on January 24, 2007, defendant, Georgia Pacific Corporation/Dixie Food Service, removed this case to the Eastern District of Wisconsin. The notice of removal states that defendant is improperly named as Georgia Pacific Corporation/Dixie Food Service and its proper name is Dixie Consumer Products, LLC. It further asserts that there is complete diversity between the parties in this case and the plaintiff's demand exceeds the sum of $75,000.

On February 22, 2007, plaintiff, RJ Schinner Company, filed a motion to remand this case back to the Waukesha County Circuit Court. Plaintiff claims that defendant's notice of removal is defective because it failed to identify the citizenship of each member of the LLC. The plaintiff further asserts that the defect is a substantive, incurable defect and not merely a technical or ministerial defect capable of being cured by amendment. The defendant's opposition argues that the defect is indeed curable and

offers the declaration of Stefanie Simpson to illustrate the citizenship of each member of the LLC and the LLC that own Dixie Consumer Products, LLC.

This court agrees with the observation of Chief Judge Randa of this district that the provisions of the removal statutes ar to be construed strictly. *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. 1074, 1075 (E.D. Wis. 1993). Recently, the Seventh Circuit Court of Appeals has reiterated that "an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, _____ F.3d ____ 2007 WL 1598105 (7th Cir. 2007). Therefore, it is the opinion of this court that the defendant LLC was required to state the citizenship of all of its members in its notice of removal to establish diversity of citizenship under 28 U.S.C. § 1332(a) and meet the removal requirements of 28 U.S.C. § 1446(b).

Although 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," the defendant's failure to correct its failure to identify the citizenship of each member of the LLC withing the thirty-day period during which it was allowed to remove this case from the Waukesha County Circuit Court, precludes a second notice of removal or amendment of the original notice of removal. Consequently,

IT IS ORDERED that Plaintiff RJ Schinner's Motion to Remand is GRANTED.

IT IS FURTHER ORDERED that other pending motions are DENIED as moot.

IT IS FURTHER ORDERED that this case is REMANDED to the Waukesha County Circuit Court for further proceedings.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE